**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
        Plaintiff,

  v.                                                  **Case No. 02-CR-224**

**QUANEKA WILLIS,**
        **Defendant.**

---

### ORDER

On July 9, 2004, I sentenced defendant Quaneka Willis to five years' probation, $93,331 restitution (due joint and several with the co-defendants), and a $100 special assessment on her guilty plea to aiding and abetting a bank robbery. On August 5, 2004, the government filed with Milwaukee County a notice of lien against defendant in the amount of $93,431 based on the judgment. See 18 U.S.C. § 3613(c).

On August 26, 2009, I revoked defendant's probation after finding several violations, including failure to pay restitution, submit reports, advise of police contact, and submit tax returns. I sentenced her to one day of imprisonment followed by one year of supervised release and re-imposed the restitution balance of $88,864.08.

On August 16, 2010, the probation office recommended that I allow defendant's supervision to discharge with restitution owing – a balance of 86,177.96. The report indicated that defendant had not made a good faith effort to pay, with just two payments within the past 12 months, and that the $7253.04 she had paid came primarily from tax intercepts. However, on August 10, 2010, defendant signed a wage assignment authorizing the Financial Litigation Unit ("FLU") to garnish her wages, an agreement extending beyond the scheduled supervised

release expiration date.  Defendant had completed all other supervised release conditions. Thus, despite her poor payment history, given the long term payment agreement with the FLU and her satisfaction of other conditions, the probation office recommended that she be allowed to discharge as scheduled.  With the concurrence of the government, I approved.  On August 30, 2010, I signed a final order in garnishment requiring payments of $25 per pay period ($50/month), consistent with the FLU agreement.  However, on March 9, 2012, the government filed a notice of termination of garnishment, indicating that defendant was no longer employed by the garnishee-defendant.

On July 29, 2014, defendant filed a letter asking that the tax lien be lifted so she can purchase a home.  In the alternative, she asks that the restitution obligation be split among the three defendants rather than being joint and several.

Section 3613(b) states: "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." So far as appears from the record, defendant's liability has not been satisfied or set aside; the government has not filed a petition for remission (which in any event appears to apply only to fines and assessments, 18 U.S.C. § 3573); and the 20-year period set by § 3613(b) has not expired.  I am aware of no authority for ordering the government to remove a lien under these circumstances.  I will, however, ask the government for its input on whether to modify the payment schedule under 18 U.S.C. § 3664(k) or to apportion liability among the defendants under § 3664(h).

**THEREFORE, IT IS ORDERED** that the government provide a response on or before **October 30, 2014**.

Dated at Milwaukee, Wisconsin this 16th day of October, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge